Barbara J. WHEELER, Plaintiff–Appellant,

v.

John E. POTTER,[1] Postmaster General, Individually and in His Official Capacities, Defendant–Appellee.

No. 00–55608.
D.C. No. CV–98–05871–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Nov. 14, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. John E. Potter is substituted for his predecessor, Marvin T. Runyon, as Postmaster General. Fed. R.App. P. 43(c)(2).

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM[2]

 Barbara Wheeler established that she engaged in protected activity and suffered from adverse action. However, she failed to show a causal link.

Wheeler demonstrated that the July 1997 incident of alleged retaliation took place "close on the heels" of her contact with the EEO office in May 1997. *Ray v. Henderson,* 217 F.3d 1234, 1244 (9th Cir. 2000). However, she did not show that

J.P. Morgan knew of her contacts with the EEO at the time of the July conflict. *See Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982). Morgan denied such knowledge in two affidavits filed with the EEO and a declaration filed with the district court. Although Wheeler claimed Morgan lied, she did not create a genuine issue of material fact as to whether Morgan knew of her EEO contacts at the time of the July incident.

Wheeler argued that Morgan's statement in his affidavit about the July incident that he "had no knowledge of any EEO activity by Ms. Wheeler" could not be true because he had earlier completed an affidavit about the May 24th conflict. However, read in context, his affidavit referencing the July conflict refers to Morgan's knowledge as of the July 1997 incident. The evidence Wheeler presented to support her theory that Morgan lied was not "such that a reasonable jury could return a verdict" in her favor on her retaliation claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For her claim to survive summary judgment Wheeler must have produced some "significant probative evidence tending to support the complaint." *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citation omitted). Since Wheeler did not present evidence sufficient to raise a genuine issue of material fact that Morgan knew of her EEO contact, summary judgment was proper.

 Even if Wheeler made out a prima facie case of retaliation, the Postmaster presented a legitimate nondiscriminatory reason for its actions which Wheeler failed to demonstrate was pretextual. She presented no direct evidence to sup-

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

port her retaliation theory. She also produced essentially no evidence to discredit the Postmaster's legitimate nondiscriminatory reason. "[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir.1994). Since Wheeler did not show pretext the district court's grant of summary judgment was appropriate on this ground as well.

AFFIRMED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.